IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WESTERN SURETY COMPANY, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 24-0085-WS-MU |
| | ) |
| ALABAMA CREDIT UNION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The plaintiff has filed a complaint for interpleader.  (Doc. 1).  Interpleader in federal court can be either by rule or by statute.  The complaint does not identify which fount the plaintiff invokes.  However, it appears from the complaint that rule interpleader is unavailable.  Interpleader under Rule 22 requires a traditional fount of subject matter jurisdiction.  *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1310 n.3 (5th Cir. 1980); *accord Lummis v. White*, 629 F.2d 397, 400-01 (5th Cir. 1980), *rev'd on other grounds sub. nom Cory v. White*, 457 U.S. 85 (1982).  The complaint identifies no federal question for purposes of 28 U.S.C. § 1331, and the amount in controversy ($50,000) is too low to sustain diversity jurisdiction under Section 1332.

Statutory interpleader requires:  (1) at least $500 in controversy; (2) minimal diversity between at least two of the adverse claimants; and (3) an appropriate deposit into the registry of the Court.  28 U.S.C. § 1335(a).  The first two requirements appear to be satisfied, but the plaintiff has made no deposit, even though the action was filed almost a month ago.  "[T]he deposit requirement is a jurisdictional prerequisite to suit under the interpleader statute …."  *Murphy v. Travelers. Insurance Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S.

77, 94 (2010).  Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."  *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

For the reasons set forth above, the plaintiff is **ordered** to satisfy the requirements for statutory interpleader jurisdiction on or before **April 30, 2024**, failing which this action will be dismissed without prejudice for lack of subject matter jurisdiction.

DONE and ORDERED this 16th day of April, 2024.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE