IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WESTERN SURETY COMPANY, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 24-0085-WS-MU |
| | ) |
| ALABAMA CREDIT UNION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This statutory interpleader action is before the Court on the plaintiff's response to three show-cause orders entered by the Court.  (Docs. 55-57).

The second show cause order was entered in response to the plaintiff's unilateral dismissal of four defendants and required the plaintiff to demonstrate that these dismissals did not compel dismissal of the action for failure to join all potential claimants to the plaintiff's bond.  (Doc. 42).  The plaintiff's response, (Doc. 56), satisfies the Court that two of the dismissed defendants never had a potential claim against the bond and that the other two dismissed defendants have disavowed any claim against the bond, such that the dismissal of these four defendants does not compel dismissal of this action.

The third show cause order was entered in response to the plaintiff's application for entry of default against two entity defendants and required the plaintiff to demonstrate that it complied with Rule 4(d) regarding waivers of service.  (Doc. 43).  The plaintiff's response, (Doc. 55), satisfies the Court that the plaintiff satisfied Rule 4(d) with respect to defendant Family Security Credit Union and that this defendant purposely elected not to respond to the complaint.  The Clerk is **directed** to enter default against Family Security Credit Union.  The plaintiff's response does not satisfy the Court that the plaintiff satisfied Rule 4(d) with respect to defendant United Auto Credit Corporation ("United").

The first show cause order was entered in response to the file's failure to reflect even arguable service as to at least nine defendants and required the plaintiff to show cause why the action as to them (and thus, the action *in toto*) should not be dismissed without prejudice pursuant to Rule 4(m) and/or Rule 41(b).  (Doc. 27).  In the month since this order was entered, the plaintiff has diligently pursued service on these defendants.  Of the nineteen defendants named in the complaint, five have now been defaulted; four have been dismissed; four have filed answers; and four have answers due this month.

The only defendants that have not been defaulted, dismissed, or plainly served with process are United and Destiny Elise Jeffery.  The plaintiff concedes that it has not effected service on Jeffery despite three attempts at three different addresses.  (Doc. 57 at 2).  The plaintiff argues that Jeffery (who purchased a vehicle from Walley's Auto Sales, Inc. ("Walley's")) is no longer a potential claimant because defendant Alabama Credit Union (which held a security interest in the vehicle Jeffery purchased) recently obtained a summary judgment against her in state litigation, (*id*. at 4), but the Court does not follow how that ruling eliminates any claim by Jeffery "that Walley's breached the provisions of the bond by failing to comply with the provisions of the contracts into which Walley's entered with the defendants."  (Doc. 1 at 4).

> If a defendant is not served within 90 days after the complaint is filed, the court .. must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).  Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co*., 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007).  In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is

evading service, whether he is concealing defects in service, and whether the statute of limitations will bar the re-filing of the action should it be dismissed.  *Horenkamp*, 402 F.3d at 1132.  This is "not an exhaustive list" of factors a court may consider.  *Lepone-Dempsey*, 476 F.3d at 1182.

The plaintiff asserts generally that it has shown good cause for an extension of time to serve United and Jeffery.  (Doc. 57 at 5).  Without deciding whether the plaintiff has shown good cause under the governing standard, the Court concludes that the plaintiff should be granted additional time to serve these two defendants.  Key considerations underlying this decision are the multitude of defendants requiring service; the complexity of the requirements for effective waiver of service; the plaintiff's multiple efforts to serve Jeffery in two different states; and the possibility that a dismissal of these defendants for lack of service could require dismissal of the entire action.

Accordingly, the plaintiff's request for additional time, construed as a motion for such relief, is **granted**.  The plaintiff is **ordered** to file proof of service on United and Jeffery on or before **September 26, 2024**.

DONE and ORDERED this 27th day of August, 2024.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE